COLLOTON, Circuit Judge,
concurring.
I concur in Judge Murphy’s opinion for the court. It is unnecessary to decide whether school officials effected a seizure of C.M.’s belongings, because any such seizure was reasonable under the Fourth Amendment. As Judge Loken has chosen to opine that C.M.’s belongings were not seized, however, it is worth noting that there is a substantial argument on the other side.
In United States v. Jacobsen, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), the Supreme Court said that “[a] ‘seizure’ of property occurs when there is some meaningful interference with an individual’s possessory interests in that property.” Id. at 113, 104 S.Ct. 1652. The Court held that the standard of “meaningful interference” was satisfied when federal agents took temporary custody of a package from Federal Express at an airport office for investigative purposes, id. at 120, 104 S.Ct. 1652, even before they conducted their investigation, id. at 124-25, 104 S.Ct. 1652, because “the decision by governmental authorities to exert dominion and control over the package for their own purposes clearly constituted a ‘seizure,’ though not necessarily an unreasonable one.” Id. at 121 n. 18, 104 S.Ct. 1652. Similarly, the authorities here separated C.M. from his property, thus depriving him of custody of the backpack, see United States v. Alvarez-Manzo, 570 F.3d 1070, 1076 (8th Cir.2009); cf. United States v. Va Lerie, 424 F.3d 694, 702, 708 & n. 9 (8th Cir.2005) (en banc) (no deprivation of custody), and the authorities did so “for their own purposes” of investigating the presence of contraband in the property, as in Jacobsen, not to facilitate a fire drill or school assembly unrelated to the property.
Presumably because the “seizure” issue is not an easy one, the Texas Court of Appeals bypassed the issue en route to concluding that a comparable school procedure was constitutionally reasonable. In re D.H., 306 S.W.3d 955, 958 (Tex.App.2010). The district court in Doran v. Contoocook Valley School District, 616 F.Supp.2d 184 (D.N.H.2009), although cited above as holding that the procedure at issue effects no seizure of property, addressed only whether children (not their *1044 belongings) were seized in the course of a school’s drug dog operation. Id. at 193-94. Insofar as the Doran court touched on the separation of children from their personal belongings, the court addressed only whether there was an “improper seizure,” i.e., an unreasonable one, id. at 194 (emphasis added), and relied on the Supreme Court’s discussion in Vernonia School District 47J v. Acton, 515 U.S. 646, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995), which emphasized that “the ‘reasonableness’ inquiry cannot disregard the schools’ custodial and tutelary responsibility for children.” Id. at 656, 115 S.Ct. 2386 (emphasis added).
Given the difficulty of the “seizure” question, it is prudent to resolve this appeal based on the reasonableness of the school’s procedure under the circumstances. With these observations, I concur in the opinion of the court.